IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02749-PAB

AUDUBON SOCIETY OF GREATER DENVER,

      Petitioner,

v.

UNITED STATES ARMY CORPS OF ENGINEERS,

      Respondent,

CASTLE PINES METROPOLITAN DISTRICT,
CASTLE PINES NORTH METROPOLITAN DISTRICT,
CENTENNIAL WATER AND SANITATION DISTRICT,
CENTER OF COLORADO WATER CONSERVANCY DISTRICT,
CENTRAL COLORADO WATER CONSERVANCY DISTRICT,
TOWN OF CASTLE ROCK, and
COLORADO DEPARTMENT OF NATURAL RESOURCES,

      Intervenor Respondents.

---

**ORDER**

---

This matter is before the Court on Petitioner's Motion for Preliminary Injunction [Docket No. 75] and respondent's Unopposed Motion for Extension of Time [Docket No. 76].

The background of this case is contained in the Court's order on the merits. Docket No. 77.  On December 8, 2017, petitioner filed its motion for a preliminary injunction.  Docket No. 75.  Petitioner claims that construction work related to the reallocation project began on December 4, 2017.  *Id*. at 6.  Petitioner requests that the Court enter a preliminary injunction or, in the alternative, an injunction pending appeal.

Docket No. 75 at 15.

The Court has resolved the merits of petitioner's appeal. Docket No. 77. Therefore, the Court only considers whether to issue an injunction pending appeal pursuant to Fed. R. Civ. P. 62(c).[1] To succeed on a motion for an injunction under Rule 62(c), the moving party must show (1) a likelihood of success on the merits, (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the movant's favor, and (4) that the injunction is in the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citation omitted); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Petitioner argues that it is likely to succeed on the merits for the same reasons raised in its merits briefing. *See* Docket No. 75 at 12-13 (citing Docket No. 49). Because the Court has analyzed and rejected each of these arguments, the Court finds that petitioner has not demonstrated it is likely to succeed on the merits. *See Hillsdale Envtl. Loss Prevention, Inc. v. U.S. Army Corps of Engineers*, 2011 WL 3847383, at *2 (D. Kan. Aug. 26, 2011) ("Because each of the arguments raised by plaintiffs in the current motion was evaluated and rejected in the Memorandum and Order, the court determines that plaintiffs have not demonstrated a likelihood of success on the merits."). Therefore, the Court will deny petitioner's motion. *U.S. Ling Inst., LLC v. United States Dep't of*

---

[1] Petitioner has yet to file an appeal, but there is good reason to believe that an appeal will be taken, so the Court need not await the perfection of petitioner's appeal before deciding whether to enter an injunction pending appeal. *See* 11 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2904 (3d ed. 1998); *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951).

*Homeland Sec.*, 2013 WL 12110069, at *2 (D. Utah Apr. 16, 2013) ("Because Plaintiff fails to meet one of the essential elements for a preliminary injunctive relief, the court must deny the motion for a preliminary injunction." (citing *Winter*, 555 U.S. at 20)).  The Court will also deny respondent's related motion for an extension of time as moot.

Accordingly, it is

**ORDERED** that Petitioner's Motion for Preliminary Injunction [Docket No. 75] is **DENIED**.  It is further

**ORDERED** that respondent's Unopposed Motion for Extension of Time [Docket No. 76] is **DENIED** as moot.

DATED December 12, 2017.

BY THE COURT:

 s/Philip A. Brimmer                                   
PHILIP A. BRIMMER
United States District Judge